IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TONY BROWN, Individually and as Independent Administrator of the Estate of SHALISHA GRAVES, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK J. KANE, M.D. et al.,<br>Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Defendants Team Health, LLC, sued under its former name TH of Missouri, Inc. ("Team Health"), and SEPM Missouri Services, P.C. ("SEPM"), hereby remove this case from the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Belleville, Illinois, to the United States District Court for the Southern District of Illinois, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(a) and 1446(b), and Plaintiff's improper joinder to avoid removal of this case. Defendants state, as grounds for removal, the following:

1.　　On or about November 1, 2018, Plaintiff Tony Brown, individually and as Independent Administrator of the Estate of Shalisha Graves, Deceased ("Plaintiff") filed this action against Defendants in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Belleville, Illinois, Case No. 18L0693 ("the State Court Action"). A copy of the Complaint and Summonses filed in the State Court Action are attached as Exhibit A. Copies of the pleadings filed by Defendant Team Health, LLC sued under its former name TH of Missouri, Inc., and SEPM Missouri Services, P.C. are attached as Exhibits B-E.

2. Defendants in the State Court Action are Patrick J. Kane, M.D. ("Dr. Kane"), Christian Hospital Northeast-Northwest ("Christian Hospital"), Team Health, and SEPM (collectively, "Defendants").

3. Defendants Dr. Kane and Christian Hospital consent to removal.

4. This is a medical malpractice claim. Plaintiff, as Independent Administrator of the Estate of Shalisha Graves, brings the following claims against each Defendant: (1) wrongful death; (2) personal injury claims under the Illinois Survival Act, 755 ILCS 5/27-6; and (3) actions to recover medical expenses under the Illinois Family Expense Act, 755 ILCS 5/27-6. Plaintiff also purports to bring claims individually under the Illinois Family Expense Act, 755 ILCS 5/27-6 against each Defendant. Ex. A.

5. The Complaint was served on Defendants Team Health and SEPM on November 21, 2018. *See* Ex. A. This Notice of Removal is timely.

6. Plaintiff's Complaint alleges damages in excess of $50,000.00, but states no specific damage amount. Ex. A. It is apparent from the face of the Complaint that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Plaintiff alleges that decedent Shalisha Graves presented to the Christian Hospital ER for shortness of breath, where she was evaluated by Defendants or their employees. Ex. A ¶ 27. Plaintiff further alleges that Ms. Graves suffered a syncopal episode, was intubated, suffered an anoxic brain injury prior to being reintubated, and underwent a tracheostomy. *Id.* at ¶¶ 26-34. Plaintiff states that Ms. Graves subsequently died from complications from removal of the tracheostomy. *Id.* at 37. Plaintiff alleges that Defendants or their employees were negligent in

failing to properly monitor Ms. Graves, failing to provide appropriate treatment, improperly intubating her, and failing to timely extubate her . *Id.* at ¶¶ 43, 55, 67, 79. Plaintiff claims that Defendants caused "severe and massive injuries" and "severe pain and discomfort" to Ms. Graves. *Id.* at ¶¶ 52, 64, 76, 88 ; *see also id.* at ¶¶ 49, 61, 73, 85. Plaintiff further claims that Defendants caused Ms. Graves' eventual death. *Id.* at ¶¶ 44, 56, 68, 80.

8. United States District Courts have diversity subject-matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a).

9. No Defendant is a citizen of Illinois.

10. Defendant Dr. Kane is an individual citizen of Missouri. *See* Ex. E, pp. 47-56, Petition, *Sharon Brown et al. v. Christian Hospital et. al*, Circuit Court of the County of St. Louis, Missouri, Case No. 18SL-CC04160 ¶ 13. Dr. Kane will file proof of his citizenship with his consent to removal.

11. Defendant Christian Hospital is a citizen of Missouri. It is a Missouri not-for-profit corporation with its principal place of business in St. Louis County, Missouri. *See* Ex. A ¶ 4. Christian Hospital will file proof of its citizenship with its consent to removal.

12. Defendant Team Health is a citizen of Tennessee and Delaware. It is limited liability company with one member, Team Health Holdings, Inc. Ex. G, Aff. of John Stair ¶ 6. Team Health Holdings, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Knoxville, Tennessee. *Id.* at ¶ 7.

13. Defendant SEPM is a citizen of Missouri and Tennessee. It is a Missouri professional corporation with its principal place of business in Knoxville, Tennessee. Ex. H, Aff. of John Stair ¶¶ 3-4; *see also* Ex. A ¶ 16.

14. Plaintiff has also named Respondents in Discovery pursuant to 735 ILCS 5/2–402. The Seventh Circuit has stated that the citizenship of respondents in discovery is irrelevant for purposes of discovery. *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 n. 3 (7th Cir. 1996). Nonetheless, Respondents in Discovery Michael Felmeir, MD and Taylor Jones, RN are both individual citizens of Missouri.

15. Plaintiff Tony Brown, as Independent Administrator of the Estate of Shalisha Graves, Deceased, is a citizen of the state of Illinois. See Ex. A ¶ 1 (alleging Shalisha Graves was a resident of St. Clair County, Illinois at the time of her death); 28 U.S.C. § 1332 (c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . .").

16. Plaintiff Tony Brown, individually, may claim to be a citizen of Missouri. To the extent he makes such a claim, however, his individual claims have been fraudulently joined and therefore do not prevent removal.

17. Under the fraudulent joinder doctrine, "[d]iversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse [parties] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Id.*

18. Plaintiff, individually (as opposed to as the Independent Administrator of the Estate of Shalisha Graves), makes only one claim against each Defendant, a claim under the Illinois Family Expense Act. Without the claim by Tony Brown individually, the balance of the lawsuit is

4

unarguably within the Court's diversity subject matter jurisdiction because it consists of claims by an Illinois citizen against four non-citizens seeking damages in excess of $75,000.

19. There is no possibility that Plaintiff's individual claims can succeed because the Illinois Family Expense Act does not allow a parent to recover for medical expenses of an adult child. *Proctor Hosp. v. Taylor*, 665 N.E.2d 872, 876 (Ill. Ct. App. 1996); *Ragan v. Protko*, 383 N.E.2d 745, 748 (Ill. Ct. App. 1978); *Sapp v. Johnston*, 303 N.E.2d 429, 432 (Ill. Ct. App. 1973). Tony Brown is the father of the decedent Shalisha Graves. Ex. E, p. 48 ¶ 2. Shalisha Graves was twenty-eight years old at the time of the alleged negligence. Ex. A ¶ 1. Illinois courts have been clear that a parent cannot maintain a claim under the Family Expense Act for the medical expenses of an adult child. *See, e.g., Proctor Hosp.*, 665 N.E.2d at 876 (dismissing a parent's claim for medical expenses of a nineteen-year-old child). Thus, Plaintiff Tony Brown's individual claims have no success in state court. Therefore, Tony Brown's individual claims were fraudulently joined in the State Court Action and do not prevent removal.

19. Because (a) Plaintiff Tony Brown, Independent Administrator of the Estate of Shalisha Graves is a citizen of Illinois; (b) Defendants are citizens of Missouri, Tennessee, and Delaware and no Defendant is a citizen of Illinois; (c) Plaintiff Tony Brown's individual claims were fraudulently joined; and (d) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, removal of this action is proper pursuant to 28 U.S.C. § 1441(a).

20. This action is removable to this Court pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Southern District of Illinois, East St. Louis Division, embraces the location where the State Court action is pending.

21. By this Notice of Removal, Defendants do not waive any defense, jurisdictional or

otherwise, which they may possess. Defendants do not concede that Plaintiff has stated any valid claims against them. Defendants do not concede that the Court has personal jurisdiction over them.

22. Defendants filed a copy of the original Notice of Removal with the Clerk of the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Belleville, Illinois and provided notice to Plaintiff as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Team Health, LLC, sued under its former name TH of Missouri, Inc. ("Team Health"), and SEPM Missouri Services, P.C. ("SEPM"), remove this cause to the United States District Court for the Southern District of Illinois, East St. Louis Division for all further proceedings.

Respectfully submitted,

BLANTON, NICKELL, COLLINS,
DOUGLAS & HANSCHEN, LLC
219 South Kingshighway
Post Office Box 805
Sikeston, Missouri  63801
PHONE (573) 471-1000
FAX (573) 471-1012
Email: jblanton@blantonlaw.com
           shanchen@blantonlaw.com

By: _____
Joseph C. Blanton, Jr.   Federal Bar#32769MO
(Lead Counsel)
Shaun D. Hanschen   Federal Bar# 56821MO
(Co-Counsel)
*Attorneys for Defendant*
*SEPM Missouri Services, P.C. and*
*TH of Missouri, Inc*

***Pro Hac Vice Pending.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been sent by via the Court's electronic filing system on this ___20___ day of December, 2018 to:

Mr. Jamie L. Boock
Mr. John Guletz
ROSSITER & BOOCK, LLC
124 Gay Ave.
St. Louis, MO 63105
*Attorney for Plaintiff*

Mr. Kim Luther
Mr. Andrew M. Luther
Mr. Kelsey A.J. Farley
LUTHER & ASSOCIATES
1010 Market St., Suite 1640
St. Louis, MO 63101
*Attorneys for Defendant Patrick Kane, M.D.*

Mr. Michael J. Nester
Donovan Rose Nester P.C.
15 North 1st Street Suite A
Belleville, IL 62220
*Attorneys for Defendant
Christian Hospital Northeast-Northwest*

_____
Joseph C. Blanton, Jr.